[No. 2,349.]

## WILLIAM CARUTHERS v. JOHN McGARVEY.

SALE OF PERSONAL PROPERTY.—A sale of personal property is not completed, so as to pass the title to the property, so long as anything remains to be done to the thing sold, to identify it or discriminate it from other things.

APPEAL from the District Court, Seventeenth Judicial District, Los Angeles County.

Action on a promissory note, given by the defendant to John Lee on the 12th of October, 1867, payable on the 1st day of March, 1868. After the note fell due the payee indorsed it to the plaintiff. The defendant answered, that he paid the note to Lee, before the indorsement thereof to the plaintiff. The evidence to support the plea of payment tended to show that the defendant had a large quantity of corn husked, lying in heaps in his field, and agreed with Lee to sell him enough corn, at one dollar and fifty cents per hundred, to pay the note, and that the defendant and Lee were each to furnish a team to haul it to Lee's crib; but that nothing was done to weigh the corn or separate it from other corn in the field, and that the defendant notified Lee that the corn was ready, but he did not come to help remove it, and declined to take it away.

The Court below rendered judgment in favor of the defendant, and the plaintiff appealed.

*V. E. & F. Howard & Sepulveda*, and *Thom & Ross*, for Appellants.

The corn should have been both delivered and accepted. (Benjamin on Sales, 105; *Dole* v. *Stimpson*, 21 Pick. 384.) It was no delivery as long as anything remained to be done to ascertain the quantity by segregation from the mass. (1 Comstock, 271.) There could be no delivery or acceptance unless the corn was weighed by both parties. (*Howe*

v. *Palmer*, 5 Eng. C. L. Reps. 303; 3 Barn. & Ald. 321; *Stevens* v. *Stewart*, 3 Cal. 140.) There was no change in the character of the possession. (*Malone* v. *Plato*, 22 Cal. 103.) "If there was no delivery there could be no acceptance." (*Gardet* v. *Belknap*, 1 Cal. 400; Benjamin on Sales, 135.)

*Kewen & Howard*, and *George Cadwalader*, for Respondent.

"Where a sale is bona fide and for valuable consideration, slight evidence of delivery is sufficient." (8 Pick. 443.) "The law recognizes a constructive as well as actual delivery; and it is upon the question, what constitutes such constructive delivery, that most of the cases in the books have arisen." (Hilliard on Sales, Chap. III, Sec. 4.) "Where some act remains to be done in relation to the articles which are the subject of the sale, as that of weighing or measuring, and there is no evidence tending to show the intention of the parties to make an absolute and complete sale, the property in such articles does nor pass to the vendee until such act is performed. But it is otherwise if the payment of the purchase money is not a condition precedent to the transfer, and it appears that the parties intended that the sale should be complete before the articles were weighed or measured." (*Riddle* v. *Varnum*, 20 Pick. 280; 13 Pick. 182.)

By the Court, RHODES, C. J.:

The defendant claims that the note in suit was paid, while in the hands of the payee, by the sale to him of corn, at the rate of one dollar and a half per cental, the quantity sold to be sufficient to amount to the sum of four hundred and five dollars—the balance due on the note. The payee of the note was notified that the corn was ready for him, but it was not weighed, nor was the quantity to be delivered separated from the other corn in the field. It is elementary law that

the property does not pass absolutely unless the sale be completed; and it is not completed, so long as anything remains to be done to the thing sold, to identify it or discriminate it from other things.    (1 Pars. on Cont. 441.)

Judgment and order reversed, and cause remanded for a new trial.

Neither Mr. Justice CROCKETT nor Mr. Justice SPRAGUE expressed an opinion.